UNITED STATES v. CENTRAL VERMONT RY., Inc.

No. 961.

District Court, D. Vermont.

May 11, 1936.

Joseph A. McNamara, U. S. Atty., of Burlington, Vt., for the United States.

Horace H. Powers, of St. Albans, Vt., and Edwin W. Lawrence, of Rutland, Vt., for defendant.

HOWE, District Judge.

Findings of Facts.

The plaintiff seeks to recover extra compensation for overtime of its inspectors and employees in the Immigration

Service, as provided by sections 109a and 109b, tit. 8 U.S.C. (8 U.S.C.A. §§ 109a, 109b). The overtime services were performed on the defendant's passenger trains —principally in Canada—while en route from Montreal to St. Albans, Vt. St. Albans is a designated port of entry for immigrants. The inspectors and employees go from there to Montreal; there they board the defendant's passenger trains coming from Canada into the United States via St. Albans, and inspect and examine the passengers on such trains while en route, regarding their right to enter this country. As the passengers are inspected and examined, the inspectors decide, and at St. Albans they pass those that have a right to come here, the train conductor takes off those that do not have that right, and the inspectors take them into their custody. The inspectors then "pass" or "clear" the train to proceed on its journey. Later, those that are taken into custody are either passed, returned to Canada, or deported. Some of those who have not the right to enter this country, voluntarily leave the train while in Canada, to avoid detention, etc., at St. Albans. Ordinarily, all the passengers are inspected and examined, and the conductor is notified whom to take off at St. Albans, or that the train is passed or cleared, before reaching there. Occasionally, when there are more passengers than usual, the train is held at St. Albans a short time while the inspections and examinations are completed.

This service is performed on the trains, at the instance and on the written request of the defendant, for its convenience and advantage by saving much time of the trains at St. Albans. In all the requests for such service, the defendant denies its liability to pay for the overtime of the inspectors and employees. If such inspections, etc., were not made en route, the defendant would hold its trains at St. Albans for that purpose, for it is a misdemeanor (section 144, 8 U.S.C.A.) to "bring into or land in the United States * * * any alien not duly admitted by an immigrant inspector or not lawfully entitled to enter."

## Opinion.

Section 109a requires payment of extra compensation for overtime service of the inspectors and employees, to wit, "overtime services * * * between * * * five o'clock postmeridian and eight o'clock antemeridian, or on Sundays or holidays, to perform duties in connection with the examination and landing of passengers and crews of * * * trains * * * arriving in the United States from a foreign port," etc.

Section 109b required that such "extra compensation shall be paid by the * * * owner * * * of such * * * conveyance arriving in the United States from a foreign port," etc.

The defendant contends that this section does not apply to trains "operating on regular schedules." The language is: "This section shall not apply to the inspection at designated ports of entry of passengers arriving by international * * * railroad trains * * * when operating on regular schedules."

The intention is plain that payment is required when the inspections and examinations are not made at "designated ports of entry." When, as here, the inspections and examinations are made en route, payment is required for the overtime service, whether on weekdays, Sundays, or holidays, and whether the trains are "passed" or "cleared" before or after the designated port of entry is reached. Mellon v. Minneapolis, etc., 56 App.D.C. 160, 11 F.(2d) 332; Port Huron & Sarnia Ferry Co. v. Lawson (D.C.) 292 F. 216. Section 102, 8 U.S.C.A. authorizes such service in foreign countries; Howe v. United States (C.C.A.) 247 F. 292.

As the parties are not at issue over the amount of overtime or the price, let judgment be entered for the plaintiff, with interest from the last day of each month in which such services were performed.